UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BOBBY D. PHILIPS, pleading on her own behalf and on behalf of all other similarly situated consumers,<br><br>    Plaintiff,<br><br>vs.<br><br>CREDIT & COLLECTION RECOVERY SERVICES, INC.,<br><br>    Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT |

Plaintiff alleges:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.  Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.  Plaintiff is a resident of Birmingham, Alabama and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.  Defendant is an Alabama corporation with its principal place of business located at 5046 Crestview Lane, Dora, Alabama 35062, and is "debt collector" as the phrase is defined and

applied under 15 U.S.C. §1692(a) of the FDCPA in that it regularly attempts to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.  On a date better known by Defendant, Plaintiff incurred a medical debt.

7.  Medical debt is considered a "debt" as that term is used and defined under the FDCPA.

8.  In attempt to collect said debt, Defendant sent Plaintiff a dunning letter on February 8, 2016 seeking $290.00. Exhibit A.[1]

9.  The dunning letter did not indicate or inform Plaintiff that the debt was accruing interest.

10. On August 24, 2016, Defendant sent Plaintiff another dunning letter indicating that interest was in fact accruing. Exhibit B. This letter sought $290.00 plus interest of $22.35 for a total due of $312.35. However, the second dunning letter did not indicate the rate of interest, or as of what date the payment would be considered satisfied in the event Plaintiff sent the "Total" amount. In other words, were Defendant to receive Plaintiff's payment of $312.35 on August 30, 2016, this amount would not satisfy the obligation because the interest would have increased the debt from August 24, 2016 until August 30, 2016. Yet, Defendant failed to inform Plaintiff of this fact.

11. Numerous courts around the country have adopted the *Miller* safe harbor language to prevent this violation from continuing to occur, but the Defendant did not provide this safe harbor language within any of its letters. *See Miller v. McCall, Raymer, Patrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872 (7th Cir. 2000).

12. Accordingly, Defendant's letters are both false, deceptive, and misleading in violation of the FDCPA.

---

[1] Plaintiff is unable to file Exhibits A and B as referenced herein, as they exceed the size limitation of the ECF system. Plaintiff will file file those Exhibits separately.

## **CLASS ACTION ALLEGATIONS**

### **The Class**

13. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

14. With respect to the Plaintiff's Class, this claim is brought on behalf of a class of: (a) all persons in the State of Alabama; (b) for whom Defendant sent a collection letter; (c) that did not inform the debtor that interest was accruing, the rate of accrual, or the result of payment; (d) made in connection with Defendant's attempt to collect a debt; (e) which said letters violate the FDCPA; (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

15. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### **Tuberosity**

16. Upon information and belief, Defendant has left messages in attempt to collect a debt to hundreds of consumers throughout the State of Alabama, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

17. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

19. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

20. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

23.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

24.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

27.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

29.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

31.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**<u>COUNT I</u>**
**<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>**
**<u>15 U.S.C. §1692 *et seq*</u>**

32.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33.     Defendant's collection letters fail to properly inform consumers about interest accruing and how payment of the current amount would not satisfy the debt. Accordingly, Defendant has violated the following provisions of the FDCPA:

34. Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of--**

**(A) the character, amount, or legal status of any debt…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

WHEREFORE, Plaintiff, Bobby Phillips, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendants actions, as described above, in violation of the FDCPA;

b. Enter an Order for Injunctive Relief preventing Defendant from using said collection letters to collect debts from consumer debtors;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

35.  Plaintiff demands a jury trial on all issues so triable.

Dated this 7th of February, 2017.

                                        Respectfully Submitted,

                                        /s/ *Curtis R. Hussey*
                                        Curtis R. Hussey (No. ASB7684S57C)
                                        **Hussey Law Firm, LLC**
                                        10 N. Section Street, No. 122
                                        Fairhope, AL
                                        36532
                                        (251) 928-1423
                                        gulfcoastadr@gmail.com
                                        Attorney for Plaintiff